USAO # 2012R00656/JMG

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. CCB-14-0338 |
| v. | (Attempt to Evade or Defeat Income Tax, 26 U.S.C. § 7201) |
| RAMON A. JADRA, JR., | |
| *Defendant.* | |

## INFORMATION

The United States Attorney for the District of Maryland charges that:

## COUNT ONE

### (Attempt to Evade or Defeat Income Tax)

At all times relevant to this Information:

1. Raloid Corporation ("Raloid") was a family-owned subchapter S corporation that maintained its principal place of business in Reisterstown, Maryland. Raloid was in the business of manufacturing parts and components for the defense and aerospace industries.

2. Defendant **RAMON A. JADRA, JR. (JADRA)** was Raloid's President and majority shareholder, owning approximately 54% of its shares. Four other individuals or trusts, including **JADRA**'s father, owned the remaining 46% of Raloid's shares.

3. DIA Solutions, LLC was a company that defendant **JADRA** caused to be incorporated in the state of Georgia on or about April 2010. DIA Solutions never

1

actually conducted any business or commercial activity, and thus was simply a shell corporation. Defendant **JADRA** caused a checking account to be established in the name of DIA Solutions at Wachovia Bank on or about May 27, 2010.

4. Starting in or about June 2008 and continuing thereafter until in or about July 2012, defendant **JADRA** carried out a scheme to divert Raloid company funds to himself by fraudulent means without the knowledge of the company's other shareholders or officers. Defendant **JADRA** then converted these funds to his own use, and he did not report the stolen funds on his federal income tax returns when he filed those for the years 2008 through 2011.

5. Defendant **JADRA** used several different methods to obtain the Raloid company funds that he converted to his own use. The first was by directing Raloid's controller and his father, who also had check-writing authority for the company, to write checks on Raloid's account at Wachovia Bank in the names of various actual companies with which either **JADRA** personally or Raloid had had business dealings in the past, but which they did not realize were not actually owed the amounts shown on the checks. The checks that defendant **JADRA** obtained by this means and then converted to his personal use totaled $495,950 between June 2008 and December 2011.

6. Under 31 U.S.C. § 5313(a) and 31 C.F.R. §103.22(b)(1) (recodified as 31 C.F.R. § 1010.311 as of March 1, 2011), financial institutions were required to file a currency transaction report (CTR) in connection with any financial transaction involving more than $10,000 in cash. In an effort to avoid triggering the CTR requirement when he cashed these checks, defendant **JADRA** caused all of the fraudulent checks he requested from Raloid to be in amounts of $9,500.00 or less.

7. As a further part of his scheme, defendant **JADRA** established a check cashing account at a liquor store located in Reisterstown, Maryland, where between June 2008 and December 2011, he cashed a total of $368,350 in fraudulently obtained checks. Once the checks were converted into cash, defendant **JADRA** deposited $316,585 of these funds into the checking account he established at Wachovia Bank in late May 2010 under the name of DIA Solutions, LLC. When defendant **JADRA** deposited cash into the DIA Solutions bank account, he did so in amounts of $9,000 or less in order to avoid triggering the filing of currency transaction reports.

8. In 2010, defendant **JADRA** implemented a new aspect of his scheme. He advised his father and Raloid's controller that DIA Solutions, an independent consulting firm, was entitled to receive 5% of Raloid's payments on a contract it had helped the company obtain that was worth over $6 million. By means of these fraudulent representations, defendant **JADRA** caused seven checks to be written from Raloid's account at Wachovia to DIA Solutions, which had not in fact provided any goods or services to Raloid. These checks totaled $227,565 in 2010 and $85,653 in 2011, for a total of $313,218.02. Once he received these checks, defendant **JADRA** deposited them into the DIA Solutions account at Wachovia Bank and then converted the money to his personal use.

9. In 2010 and 2011, defendant **JADRA** implemented a third aspect of his theft and tax evasion scheme. Raloid's manufacturing processes generated quantities of scrap metal, which it sold at various times to both Synergy Building Services and another company named Tranzact, Inc. However, defendant **JADRA** withheld this information from Raloid's controller, who was left under the mistaken impression that Raloid had to pay a company to haul away the scrap materials from the plant. This

enabled defendant **JADRA** to intercept checks from Synergy and Transact that were tendered to Raloid to pay for sales of quantities of scrap metal and then to convert these funds to his own use. In 2010 and 2011, defendant **JADRA** diverted and converted to his personal use $91,249.75 in checks made payable to Raloid by these outside scrap metal dealers, which he likewise did not report on his personal tax returns.

10. By the various means summarized above, between 2008 and 2011, inclusive, defendant **JADRA** diverted to his own use and failed to report as personal taxable income Raloid company funds totaling $900,418.00, more or less, upon which he owed federal income taxes totaling $283,481.00, more or less, as set forth in the table below:

**RALOID COMPANY FUNDS CONVERTED
AND TAXES EVADED BY RAMON A. JADRA, JR.,
2008 - 2011**

| TAX YEAR | FUNDS CONVERTED BY JADRA BY VARIOUS MEANS | FEDERAL INCOME TAXES DUE AND OWING ON THE FUNDS STOLEN AND NOT REPORTED BY JADRA |
|---|---|---|
| 2008 | $152,000 | $53,732 |
| 2009 | $107,650 | $31,268 |
| 2010 | $272,371 | $95,330 |
| 2011 | $368,397 | $103,151 |
| TOTALS: | $900,418 | $283,481 |

## THE CHARGE

11.     During the calendar year 2010, in the District of Maryland,

**RAMON A. JADRA, JR.,**

the defendant herein, had and received a gross income of $272,371.08, more or less; that upon that taxable income, he was required by law on or before October 15, 2010 to make an income tax return to the Internal Revenue Service (IRS), and to pay such income tax; that knowing the foregoing facts, defendant **JADRA** did willfully and knowingly attempt to evade and defeat the income tax due and owing by him to the United States for the calendar year 2010 by failing to pay to the IRS the full amount of his income tax due and owing, and by carrying out the following acts:

- in or about the month of April 2010, defendant **JADRA** hired an attorney to incorporate a company called DIA Solutions, LLC in the state of Georgia;

- on or about May 27, 2010, defendant **JADRA** opened a business checking account in the name of DIA Solutions, LLC at Wachovia Bank;

- on or about May 28, June 4, July 27, and December 3, 2010, defendant **JADRA** caused four Raloid company checks totaling $227,565.08 to be made payable to DIA Solutions, which was not in fact owed any money by Raloid, and which he then took and converted to his own use;

- on or about July 29, 2010, defendant **JADRA** caused a Raloid company check in the amount of $7,500 to be issued in the name of an individual who was not actually owed these funds by Raloid, which he then took and converted to his own use;

- in or about the latter part of April 2010, defendant **JADRA** took and converted to his own use a check in the amount of $9,256 that was made payable to Raloid by a company that had purchased quantities of scrap metal from Raloid;

- in or about the months of September and October 2010, defendant **JADRA** took and converted to his own use three checks in the amount of $9,350 each that were made payable to Raloid by another company that had purchased quantities of scrap metal from Raloid;

- on or about April 15, 2011, defendant **JADRA** filed or caused to be filed his and his wife's personal joint tax return (Form 1040), which did not report the funds totaling $272,371.08 that had been diverted by **JADRA** from Raloid, as set forth above.

26 U.S.C. § 7201

_____
ROD J. ROSENSTEIN
UNITED STATES ATTORNEY
FOR THE DISTRICT OF MARYLAND

Date: July 15th, 2014